Santos Artemio VEGA–AREDO, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 10–70814.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 21, 2012.*

Filed Feb. 29, 2012.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert L. Lewis, Esquire, Law Office of Robert L. Lewis, Oakland, CA, for Petitioner.

Theodore Charles Hirt, Oil, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, McKEOWN and BYBEE, Circuit Judges.

## MEMORANDUM **

Petitioner Santos Artemio Vega–Aredo, a native and citizen of Peru, petitions for review of a Board of Immigration Appeals order dismissing his appeal from an immigration judge's (IJ) decision denying his application for asylum, withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

■ Substantial evidence supports the Board's denial of asylum and withholding of removal because Vega–Aredo failed to show his alleged persecutors threatened him on account of a protected ground. His fear of future persecution based on an actual or imputed anti-gang or anti-crime opinion is not on account of the protected ground of either membership in a particular social group or political opinion. *Ramos Barrios v. Holder,* 581 F.3d 849, 854–56 (9th Cir.2009); *Santos–Lemus v. Mukasey,* 542 F.3d 738, 745–46 (9th Cir.2008); *see Ochave v. INS,* 254 F.3d 859, 865 (9th Cir.2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.") Contrary to Vega–Aredo's assertions, the Board upheld the IJ's factual findings, and the record does not compel the conclusion that Vega–Aredo established he was persecuted on account of an anti-gang political opinion when he resisted the gang's third recruitment attempt.

■ Substantial evidence also supports the Board's denial of CAT relief based on the Board's finding that Vega–Arego did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the Peruvian government. *See Arteaga v. Mukasey,* 511 F.3d 940, 948–49 (9th Cir.2007).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.